Tbe opinion of tbe Court was delivered by
Wardlaw, Ch.
Tbe female plaintiffs were tbe wards of • tbeir grandfather, James West, in bis lifetime, and they seek by tbis bill, amongst other things, an account of bis guardianship from bis representative. In bis returns as guardian, deliberately made after consultation with tbe Commissioner, be included no charge against bis wards for tbe rearing and maintenance of a negro woman Fanny and her children, which be bad purchased with tbe funds of bis wards, and no charge against himself for tbe hire of these slaves, while be did include charges against tbe wards for tbeir own board at bis bouse. The Chancellor on circuit ruled that tbe estate of tbe guardian was not entitled to compensation for keeping tbe slaves nor liable for tbeir hire, and confirmed tbe *419 amended report of tbe Commissioner made in conformity to tbis ruling. Tbe defendant appeals because tbe decree refused any allowance for tbe rearing and keeping of tbe slaves.
We approve tbe decree of tbe Chancellor. Tbe case .is witbin tbe principle of Booth vs. Sineath, 2 Strob. Eq. 31. There a step-fatber who was guardian of a female ward living with him was refused all allowance for her maintenance and education, mainly on tbe ground that be had made no such charge in bis returns to tbe Commissioner; and although be affirmed in bis answer that be always intended to charge for her maintenance, and omitted tbe items in bis return on tbe advice of tbe Commissioner that it was unnecessary to include them until a final settlement. Tbe present case is stronger, for not only did tbe guardian omit in bis returns to make charge against bis orphan grand-daughters for rearing tbe slaves, but there is no allegation that be was misled into tbe omission, and bis attention must have been directed to tbe matter, as be was careful to set down analogous charges for rearing tbe wards themselves. Tbe decree properly pursues an intimation in tbe former decree of tbe Chancellor who originally beard tbe cause, that from tbe omission of tbe guardian to charge tbe funds of bis wards, with tbe price of tbe slaves it might have been inferred that tbe grandfather intended an advancement to bis wards, if plaintiffs bad not avowed their willingness to pay tbe purchase money.
Many witnesses were examined on tbe issue whether keeping these slaves was burdensome or profitable, and their testimony was so widely variant and conflicting as almost to baffle any conclusion.
It is ordered and decreed that tbe appeal be dismissed and tbe decree be affirmed.
Johnston, Dunkin and Dargan, CC., concurred.

Appeal dismissed.